# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| v. : | 1:20-cr-00028-TCB-RGV |
| : | |
| IVIE SHEVON SAJERE, *also known* : | |
| *as* IVIE SHEVON OWOBU : | |

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Defendant Ivie Shevon Sajere ("Sajere") is charged in a multi-defendant indictment with one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), twenty-four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and one count of marriage fraud, in violation of 8 U.S.C. § 1325(c). [Doc. 1].[1] Sajere has filed a "Motion to Sever Count Thirty-One," [Doc. 64 (emphasis and all caps omitted)], which charges marriage fraud, see [Doc. 1 at 17], from the trial of the remaining counts of the indictment. The government opposes the motion to sever, [Doc. 73], and Sajere has filed a reply in support of her motion, [Doc. 74]. For the reasons that follow, it is **RECOMMENDED** that Sajere's motion to sever, [Doc. 64], be **GRANTED**.

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

## I. STATEMENT OF FACTS

On January 21, 2020, a grand jury in the Northern District of Georgia returned an indictment against Sajere, her former husband, Neville Sajere ("N. Sajere"),[2] and two other co-defendants, Keira Nichole Fletcher ("Fletcher") and Mario Dupree Gray ("Gray"). [Doc. 1]. The indictment charges N. Sajere alone with two counts of bank fraud and two counts of aggravated identity theft in connection with a scheme to defraud Go Bank, while both Sajere and N. Sajere are charged with one count of money laundering conspiracy and twenty-four counts of money laundering, involving proceeds of the fraud scheme. [Id. at 1-16]. The fraud scheme involved using stolen identities to open Green Dot bank accounts at Go Bank, using other stolen identities to file for Social Security retirement or Federal Emergency Management Agency benefits, and directing those benefits to the Green Dot accounts. [Id. at 2-6]. The indictment also includes two counts of marriage fraud, as N. Sajere and Fletcher are charged with marriage fraud in Count 30, and Sajere and Gray are charged with marriage fraud in Count 31. [Id.

---

[2] The government asserts in its response that the Sajeres are "Nigerian citizens who married in approximately 2010 while living in Nigeria," and "[t]hey entered the United States together in April 2012." [Doc. 73 at 2]. However, "[i]n September 2016, [N.] Sajere filed a divorce petition in Lagos, Nigeria and their divorce was finalized in approximately January 2017." [Id.]. The government maintains that, "[d]espite the divorce and new marriages to others, [N.] Sajere and [] Sajere continued to live together with their four children." [Id.].

at 16-17]. Specifically, the indictment charges that N. Sajere married Fletcher, a citizen of the United States, in April 2017, and that Sajere married Gray, a citizen of the United States, in July 2017, and that both marriages were entered into "for the purpose of evading a provision of the immigration laws of the United States." [Id.]. Fletcher and Gray have entered guilty pleas to the marriage fraud counts in which they are charged.[3] [Docs. 70 & 76]. N. Sajere has not yet made his initial appearance in this Court.

## II. DISCUSSION

Sajere moves the Court to sever the marriage fraud charge in Count 31 of the indictment from the trial of the remaining charges, contending that it is improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. [Doc. 64 at 4-8]. She also seeks severance of the marriage fraud count pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, arguing that, even if all the counts are properly joined, she would be unfairly prejudiced by a trial of unrelated charges. [Id. at 8-11]. The government opposes Sajere's motion to sever, maintaining that the marriage fraud count is properly joined with the other

---

[3] Gray also filed a "Motion to Sever Count Thirty-One," [Doc. 56 (all caps omitted)], but since he has entered a guilty plea, [Doc. 76], his motion is moot.

3

charges of the indictment under Rule 8(a), and that she cannot show compelling prejudice to require severance under Rule 14(a). [Doc. 73].

Federal Rule of Criminal Procedure 8(a) provides that an indictment may "charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Thus, "Rule 8(a) allows joinder of offenses against a single defendant that 'are of the same or similar character,' even if such offenses do not arise at the same time or out of the same series of acts or transactions." United States v. Maughon, No. 1:11-CR-28-TWT-ECS, 2011 WL 2580342, at *1 (N.D. Ga. May 17, 2011), adopted by 2011 WL 2563240, at *1 (N.D. Ga. June 28, 2011) (citations omitted). "In addition, joinder is appropriate if the offenses 'are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" Id. (citing Fed. R. Crim. P. 8(a)).

"The Eleventh Circuit construes Rule 8(a) broadly in favor of initial joinder." United States v. Covington, CRIMINAL ACTION FILE NO. 1:16-CR-145-TWT-JKL-15, 2017 WL 10410076, at *11 (N.D. Ga. Oct. 5, 2017), adopted by 2018 WL 5016499, at *1 (N.D. Ga. Oct. 16, 2018) (citing United States v. Smalley, 754 F.2d 944, 946 (11th Cir. 1985)). "To decide a challenge under Rule 8(a), the Court looks solely to the four corners of the indictment." United States v. Smith, Criminal Action No.

2:07cr165-MHT, 2007 WL 4219382, at *1 (M.D. Ala. Nov. 29, 2007) (citing United States v. Morales, 868 F.2d 1562, 1567-68 n.3 (11th Cir. 1989)). "When the indictment does not facially meet the requirements of Rule 8(a), the Court will allow the prosecution to proffer evidence to justify joinder." Id. (citing United States v. Dominguez, 226 F.3d 1235, 1241 (11th Cir. 2000)).

To determine whether joinder of the marriage fraud count with the other charges in this indictment is proper, the Court looks to "the allegations stated on the face of the indictment," United States v. Annamalai, 939 F.3d 1216, 1223 (11th Cir. 2019) (citation and internal marks omitted), but as Sajere correctly contends, "there is not a single allegation in the entire indictment that suggests that Count [31] is in any way linked or related to the money laundering and fraud scheme [c]ounts," [Doc. 64 at 7]. Indeed, the government does not dispute this contention, but instead asserts that "all of the charged conduct, including that charged in Count 31, is of the same character because it involves [Sajere] and [N.] Sajere defrauding the federal government to receive benefits to which they were not entitled: immigration status and money." [Doc. 73 at 3]. Thus, the government maintains that "Count 31 is somewhat alike and shares a general likeness with the other charged conduct and, therefore, was properly joined." [Id. at 4 (citations omitted)]. However, as Sajere points out in her reply, [Doc. 74 at 1-2], she is not charged with bank fraud or aggravated identity theft in the indictment, only with

5

money laundering offenses and marriage fraud. See [Doc. 1]. The government's argument that the marriage fraud offense is "somewhat alike" the fraud charges because the Sajeres were "defrauding the federal government to receive benefits," [Doc. 73 at 3-4], is unavailing since Sajere has not been charged with defrauding the federal government, and in any event, Count 31 alleges that her fraudulent marriage to Gray was "for the purpose of evading a provision of the immigration laws of the United States," [Doc. 1 at 17]. Moreover, the government has not explained how the marriage fraud charge is similar to the money laundering charges against Sajere, and there is no basis from the face of the indictment for finding that these counts are properly joined under Rule 8(a).

The government argues that "joinder is also appropriate because the facts underlying Count 31 were of a common scheme or plan," asserting that "Sajere's fraudulent marriage to Gray occurred during the same time period as the other charged conduct," and enabled her "to remain in the United States and continue stealing from the federal government with [N.] Sajere." [Doc. 73 at 4 (citation omitted)]. However, there is nothing on the face of the indictment demonstrating that the marriage fraud had any role in the money laundering charges against Sajere or the bank fraud and aggravated identity theft charges against N. Sajere, and Sajere has not been charged with "stealing from the federal government with [N.] Sajere." [Id. (citation omitted)].

The government proffers in its response that since the Sajeres are charged with conspiring to launder funds, it will likely be required to address at trial that the two were supposedly divorced and "[o]ne way of showing that the two were still close and were conspiring together will be to present evidence that their marriages to US citizens were fraudulent." [Id.]. The government argues that this "same evidence, of course, would support the marriage fraud charges," and "something so core to one's life—one's marriage—is not something that can be excised from a case like this where the [d]efendants are living a lie in part to perpetuate the fraud schemes alleged in the indictment." [Id. at 4-5 (citation omitted)]. However, the government's proffer does not demonstrate that joinder of the charges satisfies the requirements of Rule 8 because it fails to show that the marriage fraud and money laundering "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). As Sajere correctly contends, the marriage fraud and money laundering counts "implicate completely different purposes, require completely unrelated evidence to be proven, and they even involve different co-defendants who are in no way linked to each other." [Doc. 64 at 6]. The government has not proffered any information indicating that co-defendants Fletcher and Gray, or their admitted fraudulent marriages to the Sajeres, played any role in the money laundering or fraud charges in the indictment. The fact that the government may seek to offer evidence pertaining to

the state of their marriage to prove the money laundering conspiracy charges against the Sajeres does not establish the requisite connection for joinder of charges under Rule 8(a).  See United States v. Dervishaj, 13-CR-668 (ENV), 2015 WL 13842839, at *4 (E.D.N.Y. June 11, 2015) (holding that stalking charge was improperly joined with charges related to a violent extortion scheme under Rule 8(a) even though evidence of the stalking "may ultimately be found admissible under 404(b) to prove some of those other charges").

In cases where the Eleventh Circuit has found joinder of distinct offenses proper under Rule 8(a), there has been some demonstration of a logical connection between the charges.  For example in Annamalai, the Eleventh Circuit ruled that joinder of charges was proper where the defendant "defrauded followers of the Hindu Temple, misled the financial institutions that charged those followers, moved the fraud proceeds (proceeds which he failed to report on his income tax return) to a foreign bank account, improperly concealed property belonging to the Hindu Temple's bankruptcy estate, committed money laundering with the proceeds of that bankruptcy fraud, and committed a number of illegal acts related to the criminal investigation into his fraudulent activities (submitting a false document to the IRS, obstructing justice, providing false statements under oath, and conspiring to conceal a fugitive)," because "[a]ll of these claims arose out of and were connected to the same general fraudulent scheme."  939 F.3d at 1223.

Similarly, in Dominguez, the Eleventh Circuit "refused to reverse the joinder of 28 counts—conspiracy to possess cocaine with intent to distribute, conspiracy to commit money laundering, money laundering, use of a telephone facility in commission of a felony, and mortgage fraud," because "[a]lthough the charges were seemingly unrelated, the government theorized and later proved at trial that the defendant 'submitted fraudulent income tax returns when applying for mortgage loans in order to conceal the fact that his income had been derived from drug activity.'" Id. (quoting Dominguez, 226 F.3d at 1239). In contrast, the government has not proffered any comparable connection between the marriage fraud and the other charges in this case such as that the aggravated identity theft, bank fraud, or money laundering "bolster[ed] or help[ed] conceal the marriage fraud [], nor can it be said that the marriage fraud [] flowed from the [] fraud [or other] crime[s]." United States v. Jawara, 474 F.3d 565, 575, 579 (9th Cir. 2007) (finding joinder of defendant's charges of fraud related to immigration documents and conspiracy to commit marriage fraud to avoid immigration laws improper under Rule 8). Thus, the Court "cannot discern a valid basis for joinder of the marriage fraud count with the other counts alleged in the [] [] Indictment, and the government's response does not explain how a logical relationship exists." United States v. Vales, No. 2:11-cr-00434-LDG-PAL, 2013 WL 77785, at *5 (D. Nev. Jan. 4,

2013).[4] Accordingly, it is **RECOMMENDED** that the marriage fraud charge against Sajere in Count 31 of the indictment be severed from the remaining counts for trial.[5]

### III.  CONCLUSION

For the reasons stated, the Clerk is **DIRECTED** to terminate Gray's motion to sever, [Doc. 56], since he has entered a guilty plea, [Doc. 76], and it is **RECOMMENDED** that Sajere's motion to sever, [Doc. 64], be **GRANTED**.

There are no other motions pending before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of the trial. Accordingly, **IT IS ORDERED** and **ADJUDGED** that this action be, and the same is hereby, declared **CERTIFIED READY FOR TRIAL** as to Sajere, as N. Sajere has not yet made his initial appearance and the other two co-defendants have entered guilty pleas.

**IT IS SO ORDERED, DIRECTED** and **RECOMMENDED**, this 8th day of January, 2021.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[4] The three cases cited by the government as supporting joinder of the offenses in this case, see [Doc. 73 at 3-4 (citations omitted)], are readily distinguishable for the reasons explained in Sajere's reply, see [Doc. 74 at 3-5].

[5] Since joinder is not proper under Rule 8(a), the Court need not reach the parties' arguments for severance under Rule 14(a).